Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
Bridget Psarianos (AK Bar No. 1705025)
Brian Litmans (AK Bar No. 0111068)
TRUSTEES FOR ALASKA
1026 W. Fourth Avenue, Suite 201
Anchorage, AK 99501
Phone: (907) 276-4244
Fax: (907) 276-7110
sbostrom@trustees.org
bbrisson@trustees.org
bpsarianos@trustees.org
blitmans@trustees.org

*Attorneys for Plaintiffs*

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID BERNHARDT, *et al.*, <br><br> Defendants. | Case No. 3:20-cv-00207-SLG |

## JOINT MOTION TO STAY PROCEEDINGS

The parties respectfully submit this joint motion for a stay of proceedings until the Defendants issue the Record of Decision for the Environmental Impact Statement (EIS) at issue in this case.

The present case concerns the Bureau of Land Management's (BLM) environmental review and forthcoming adoption of a new management plan, known as the Integrated Activity Plan (IAP), for the National Petroleum Reserve–Alaska.[1] Under the Naval Petroleum Reserves Production Act,

> Any action seeking judicial review of the adequacy of any program or site-specific environmental impact statement under section 102 of the National Environmental Policy Act of 1969 (42 U.S.C. 4332) concerning oil and gas leasing in the [Reserve] shall be barred unless brought in the appropriate District Court within 60 days after notice of the availability of such statement is published in the Federal Register.

42 U.S.C. § 6506a(n)(2). BLM published its notice of availability for the final EIS for the IAP in the Federal Register on June 26, 2020, and Plaintiffs filed this lawsuit on August 24, 2020. Defendants have yet to issue the Record of Decision for the EIS. Plaintiffs anticipate amending their complaint once Defendants issue the Record of Decision.

The parties ask that the Court stay all deadlines in the case until BLM issues its Record of Decision, including those for filing the answer, lodging the administrative record, and summary judgment briefing as set out in Local Civil Rule 16.3. This court has broad authority to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857,

---

[1] A separate case related to the IAP is also before this Court. *Nat'l Audubon Soc'y v. Bernhardt*, No. 3:20-cv-00206-SLG.

*N. Alaska Envtl. Ctr. v. Bernhardt*
Case No. 3:20-cv-00207-SLG                                            Page 2 of 5

Case 3:20-cv-00207-SLG   Document 9   Filed 09/29/20   Page 2 of 5

863–64 (9th Cir. 1979); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Three factors guide this Court's determination of whether a stay should be granted: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. All three factors weigh in favor of granting the requested stay.

Any damage that would result from granting this limited stay would be minimal. A stay would avoid immediate expenditure by the parties and the court of substantial resources needed to submit pleadings and other filings prior to the Defendants issuing their Record of Decision. Should the Court grant the parties' motion, the parties would provide a joint status report 14 days after BLM issues its Record of Decision proposing a new schedule for filing the amended complaint and answer, lodging the administrative record, and completing the briefing. If the parties are unable to agree on language in the joint status report, they will submit separate statements in the same report.

Respectfully submitted September 29th, 2020,

    s/Suzanne Bostrom
Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
Bridget Psarianos (AK Bar No. 1705025)
Brian Litmans (AK Bar No. 0111068)
TRUSTEES FOR ALASKA

*Attorneys for Plaintiffs*

*N. Alaska Envtl. Ctr. v. Bernhardt*
Case No. 3:20-cv-00207-SLG      Page 3 of 5

Case 3:20-cv-00207-SLG   Document 9   Filed 09/29/20   Page 3 of 5

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division

 /s/ *Caitlin Cipicchio* (by Suzanne Bostrom)
CAITLIN CIPICCHIO, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
150 M St. NE
Washington, D.C. 20002
Tel: (202) 305-0503
Fax: (202) 305-0506

*Attorneys for Federal Defendants*

*N. Alaska Envtl. Ctr. v. Bernhardt*
Case No. 3:20-cv-00207-SLG                                                  Page 4 of 5

Case 3:20-cv-00207-SLG   Document 9   Filed 09/29/20   Page 4 of 5

# CERTIFICATE OF SERVICE

      I certify that on September 29, 2020, I caused a copy of the JOINT MOTION TO STAY PROCEEDINGS to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system.

                                                        s/Suzanne Bostrom
                                                        Suzanne Bostrom

*N. Alaska Envtl. Ctr. v. Bernhardt*
Case No. 3:20-cv-00207-SLG                                                         Page 5 of 5

Case 3:20-cv-00207-SLG   Document 9   Filed 09/29/20   Page 5 of 5