# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

NORTHERN ALASKA
ENVIRONMENTAL CENTER, *et al*.,

        Plaintiffs,

        v.

DOUGLAS BURGUM, in his official
capacity as Secretary of the Interior, *et al*.,

        Defendants,

        and

STATE OF ALASKA,

        Intervenor-Defendant.

Case No. 3:20-cv-00207-SLG

## ORDER ON PLAINTIFFS' MOTION TO VACATE ORDER RE JOINT MOTION FOR VOLUNTARY DISMISSAL

Before the Court at Docket 55 is Northern Alaska Environmental Center, Alaska Wilderness League, Conservation Lands Foundation, Defenders of Wildlife, and Sierra Club's (collectively, "Plaintiffs") Motion to Vacate Order Re Joint Motion for Voluntary Dismissal. Defendants Secretary of the Interior Douglas Burgum, Acting Director of the Bureau of Land Management Bill Groffy, the United States Department of the Interior (the "Department"), and the United States Bureau of Land Management ("BLM") (collectively, "Federal Defendants") and Intervenor-Defendant State of Alaska responded in opposition at Dockets 59 and 60, respectively. Plaintiffs replied at Docket 62. Oral argument was not requested and was not necessary to

the Court's determination.

Plaintiffs move, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, to vacate the Order Re Joint Motion for Voluntary Dismissal that was entered by this Court on September 22, 2022.[1]  That order dismissed this case with prejudice and was entered pursuant to the joint motion of Plaintiffs and Federal Defendants.[2] The joint motion was filed on September 21, 2022, the day after the Department had issued an Errata Sheet that revised certain text of the June 2020 Environmental Impact Statement ("EIS") for the National Petroleum Reserve in Alaska ("NPR-A").[3]  The joint motion noted that Intervenor-Defendant State of Alaska took no position on the motion and "supports compliance with [the National Environmental Policy Act ("NEPA")] for any future lease sales in the most targeted and expeditious manner possible."[4]

A separate case, *Center for Biological Diversity, et al. v. Burgum, et al.*, Case No. 3:20-cv-00206-SLG, filed by different plaintiffs also challenged the 2020 EIS for the NPR-A.  Those plaintiffs did not agree to dismiss their case following the issuance of the Errata Sheet.[5]  Motion practice ensued in that case in which both the Federal

---

[1] Docket 55 at 1; Docket 54.

[2] Docket 54 at 2; Docket 53 at 2.

[3] Docket 53; Docket 53-1.

[4] Docket 53 at 3.

[5] *Ctr. for Biological Diversity, v. Burgum,* Case No. 3:20-cv-00206-SLG, Docket 61 at 2 ("If they were to dismiss their lawsuit now, and Federal Defendants later held a lease sale, Plaintiffs fear they might risk being barred by section 6506a(n)(1) from bringing certain types of claims challenging the NEPA adequacy of the sale.") (citing *N. Alaska Env't Ctr. v. U.S. Dep't of the Interior*, 983 F.3d 1077 (9th

Case No. 3:20-cv-00207-SLG, *Northern Alaska Environmental Center, et al. v. Burgum, et al.*
Order on Plaintiffs' Motion to Vacate Order Re Joint Motion for Voluntary Dismissal
Page 2 of 6

Case 3:20-cv-00207-SLG     Document 64     Filed 04/27/26     Page 2 of 6

Defendants and the State of Alaska sought dismissal based on the Errata Sheet.[6] The plaintiffs in that case opposed the dismissal, asserting that the BLM "could reverse its position that the EIS is not intended to fulfill NEPA requirements for future lease sales."[7] In an order issued on September 14, 2023, this Court agreed with the plaintiffs in that action, held that the voluntary cessation exception to mootness did not apply, and noted that a new administration could change course on the adequacy of the 2020 EIS and, if so, the applicable statutory limitations period might bar judicial review if the case were to be dismissed.[8] On balance, the Court concluded that there was "a reasonable expectation that BLM might change its position again" and "another administration sometime in the next 20 or so years might agree" with BLM's position in 2020 "that the 2020 EIS satisfies its NEPA obligations for future lease sales at least through 2039."[9]

And indeed, on December 22, 2025, "[Federal] Defendants readopted the 2020 [Integrated Activity Plan] decision challenged in this lawsuit and expressly repudiated

---

Cir. 2020)).

[6] *Ctr. for Biological Diversity v. Burgum*, Case No. 3:20-cv-00206-SLG, Dockets 65, 66, 70, 71, and 72.

[7] *Ctr. for Biological Diversity v. Burgum*, Case No. 3:20-cv-00206-SLG, 2023 WL 5984204, at *10 (D. Alaska Sept. 14, 2023) (citing *Ctr. for Biological Diversity v. Burgum*, Case No. 3:20-cv-00206-SLG, Docket 63 at 19, ¶ 69)).

[8] *Ctr. for Biological Diversity v. Burgum,* Case No. 3:20-cv-00206-SLG, 2023 WL 5984204, at *33 (D. Alaska Sept. 14, 2023).

[9] *Ctr. for Biological Diversity v. Burgum,* Case No. 3:20-cv-00206-SLG, 2023 WL 5984204, at *30 (D. Alaska Sept. 14, 2023).

Case No. 3:20-cv-00207-SLG, *Northern Alaska Environmental Center, et al. v. Burgum, et al.*
Order on Plaintiffs' Motion to Vacate Order Re Joint Motion for Voluntary Dismissal
Page 3 of 6

Case 3:20-cv-00207-SLG     Document 64     Filed 04/27/26     Page 3 of 6

the [2022] errata."[10]  Thereafter, Plaintiffs filed this motion to vacate the September 2022 order dismissing this action.[11]  They assert that this case should be reinstated "because the statute of limitations and [Federal] Defendants' repudiation of its prior actions are extraordinary circumstances that warrant relief."[12]  Plaintiffs, along with one additional entity, have also filed a new action challenging Federal Defendants' December 2025 decision.[13]

Under Rule 60(b)(6), a court may grant relief from a prior judgment if three requirements are met:  (1) the motion cannot be based on grounds delineated in Rule 60(b)(1) through (5); (2) the motion must be timely; and (3) the moving party must "demonstrate 'extraordinary circumstances' justifying reopening the judgment."[14]

The parties all agree that the motion is not based on any ground delineated in Rule 60(b)(1) through (5).  Federal Defendants focus their opposition to the motion on the third factor; they maintain that Plaintiffs have not shown the requisite extraordinary circumstances to warrant reopening this case.  They maintain that they "made no representation upon which to renege, and the prospect of a possible future change in the agency's position was made fully apparent by the choice of the

---

[10] Docket 55 at 3.

[11] Docket 55 at 16.

[12] Docket 55 at 3.

[13] *Sovereign Iñupiat for a Living Arctic v. Burgum*, Case No. 3:26-cv-00078-SLG.

[14] *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)).

Case No. 3:20-cv-00207-SLG, *Northern Alaska Environmental Center, et al. v. Burgum, et al.*
Order on Plaintiffs' Motion to Vacate Order Re Joint Motion for Voluntary Dismissal
Page 4 of 6

Case 3:20-cv-00207-SLG     Document 64     Filed 04/27/26     Page 4 of 6

[plaintiffs in the related case] to maintain their case."[15] This Court agrees. While Plaintiffs cite to Federal Defendants' briefing in the related case in which they argued for dismissal, to the extent that Federal Defendants maintained they made a binding commitment to never revert back to the 2020 EIS, this Court expressly rejected that argument when it denied their motion to dismiss in that case. Plaintiffs assert that they should not have foreseen "that BLM, four years later, would invalidate the errata and abandon its formal decision that the 2020 IAP/EIS was programmatic and inadequate to cover future lease sales."[16] But both the plaintiffs in related case and this Court clearly foresaw that possibility when the Errata Sheet was issued. In short, Plaintiffs have failed to demonstrate the requisite exceptional circumstances warrant reopening this case that they agreed to voluntarily dismiss with prejudice.

Further, for similar reasons, the Court finds that the State has persuasively demonstrated that the motion to reopen this case is not timely. As Plaintiffs acknowledge, the current Administration was "on a path to in [Plaintiffs'] view repudiate the circumstances giving rise to the voluntary dismissal" beginning in January 2025, yet they did not file this motion until over one year later.[17] A far different question on timeliness would have been presented had Plaintiffs moved to set aside the dismissal promptly after this Court's ruling in September 2023 in the

---

[15] Docket 59 at 5.

[16] Docket 62 at 4.

[17] Docket 60 at 7 (citing Docket 55 at 6).

Case No. 3:20-cv-00207-SLG, *Northern Alaska Environmental Center, et al. v. Burgum, et al.*
Order on Plaintiffs' Motion to Vacate Order Re Joint Motion for Voluntary Dismissal
Page 5 of 6

related case, particularly given the statements made in Federal Defendants' motion to dismiss briefing in that case.  And the question of timeliness would have been closer had Plaintiffs moved to set aside the dismissal promptly after the issuance of the January 2025 Executive Order.  But the actual timing of the filing of the current motion does not warrant the equitable relief Plaintiffs seek and it is not necessary to prevent manifest injustice.  Moreover, given that the related suit is currently pending, Plaintiffs may seek leave to file an amicus brief in that action as warranted, although the Court acknowledges that does not accord Plaintiffs the full relief they seek.

For the foregoing reasons, the motion to vacate at Docket 55 is DENIED.

DATED this 27th day of April, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00207-SLG, *Northern Alaska Environmental Center, et al. v. Burgum, et al.*
Order on Plaintiffs' Motion to Vacate Order Re Joint Motion for Voluntary Dismissal
Page 6 of 6

Case 3:20-cv-00207-SLG    Document 64    Filed 04/27/26    Page 6 of 6